[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action against Frank Rinaldi and Stephen Suschana d/b/a Hardbodies Fitness in three counts, trespass, conversion and reckless misconduct for unlawfully entering upon premises owned by the plaintiff in the fall of 1993 known as 2172 Berlin Turnpike, Newington, Connecticut and removing property of the plaintiff and causing consequential CT Page 5193 damages. The defendants generally deny they caused damage to the plaintiff.
The evidence produced that the plaintiff built a fitness center on the premises in 1982 which he operated until 1989 at which time he leased the premises to Performance Fitness, Inc. (Performance) which acted by Jeffrey W. Bertero, its president. It is the claim of the plaintiff that Performance did not alter the premises in any way but did bring in some new fitness equipment. Prior to September 26, 1993 Performance abandoned the premises and moved next door to operate a fitness center. The keys to the premises were never returned. On September 26, 1993 the plaintiff was passing by the premises when he saw that someone was inside. He stopped and began taking a video tape of the outside of the premises along with the motor vehicles parked thereon and then entered the premises continuing to video tape the interior along with the people therein and what they were doing along with damages to the premises. The plaintiff recognized the defendants who, with two other people, were removing lockers, railings and mirrors from the premises. The plaintiff had done business with the defendants through the 80's and up until 1995, selling them supplements and used physical equipment, for which they paid in cash or check. He did not report the incident to the police until December 13, 1993. The plaintiff claimed that the property taken and damaged was his and that he neither sold it to the defendants nor gave them permission to remove it.
Both defendants testified that they had done business with the plaintiff buying thousands of dollars of supplements and vitamins several times each year and also in the past had purchased physical equipment from him. They testified on the present occasion they had been called by the plaintiff about the purchase of lockers and was there on the premises for such purchase and had paid the plaintiff $500.00 for them. They also had purchased equipment from Bertero which they also removed.
The plaintiff never repaired the premises because he didn't know for what use a lessor or buyer would use the premises and because of the time required to repair the damage could not have prevented the fitness center customers to go to Bertero's fitness center. He estimated that $89,000 worth of equipment was wrongfully removed and that he lost between $200,000 and to $250,000 per year in profit for failing to get the fitness center opened before Bertero. He leased the premises about one year CT Page 5194 later and subsequently sold the premises. The plaintiff claimed that he took out a mortgage of $250,000 to set up for the new tenant.
The plaintiff failed to sustain its burden of proof that the defendants wrongfully entered or converted to their own use property of the plaintiff or caused the plaintiff damages recklessly with sufficient believable evidence.
For the above reasons the court finds the issues in favor of the defendants and grants judgment for them as against the plaintiff.
Thomas H. Corrigan Judge Trial Referee